IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY PEREZ HERNANDEZ,

        Plaintiff,                    No. 2:11-cv-0588 DAD (PC)

    vs.

JAMES WALKER, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        For the reasons set forth below, the court will not rule on plaintiff's application to proceed in forma pauperis at this time.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        Plaintiff's complaint contains the following allegations.  Plaintiff is seeking federal habeas corpus relief in an action now pending in the United States District Court for the Northern District of California.  At present, plaintiff is waiting for the state to file its answer to that petition.  On June 9, 2009, he received a letter from a field investigator employed by an attorney, advising plaintiff that on February 20, 2009, they had mailed to plaintiff a package containing CDs and a cassette tape for his habeas corpus actions.  The package was mailed to plaintiff at California State Prison-Sacramento from San Jose, California.  Plaintiff filed an inmate grievance, and was told that there was no record of the package in question being received at the institution, but that plaintiff had signed for a legal mail package on March 13, 2009.  Plaintiff contends that the latter package contained five cassette tapes, and not the CDs described by the field investigator in his letter.  Plaintiff contends that the missing CDs and cassette are "essential" to establish the unlawfulness of his conviction.  Plaintiff seeks an order requiring defendants to provide him with the CDs and tape sent in the February 20, 2009 package or to obtain them from the Santa Clara County District Attorney's Office.  Plaintiff also seeks monetary and punitive damages.

        In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights

actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. To prevail on a claim of interference with access to the courts, plaintiff must present evidence, sufficient to create a genuine issue of material fact, that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type. Id.

Plaintiff's habeas corpus action is still pending before in the United States District Court for the Northern District of California. He cannot, therefore, demonstrate in this action that he has lost his federal habeas corpus action, nor can he prove that defendants' acts or omissions caused him to lose the habeas corpus action.[1] Good cause appearing, the court will hold this action in abeyance for a period of sixty days to allow plaintiff to file an appropriate motion before the court in which his habeas corpus action is pending seeking assistance from that court in locating the missing CDs and tape or replacements thereof. Plaintiff may, within that same sixty day period, file a request to voluntarily dismiss this action. Should he fail to do so, this court will, at the close of the sixty day period, recommend dismissal of this action without prejudice absent changed circumstances.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted sixty days from the date of this order to file a request for voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a) or to otherwise proceed.

DATED: April 1, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
hern0588.14

---

[1] For that reason, this action is premature.