1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY PEREZ HERNANDEZ,

11          Plaintiff,                    No. 2:11-cv-0588 DAD (PC)

12      vs.

13   JAMES WALKER, et al.,                ORDER AND

14          Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20          By order filed April 4, 2011, this court deferred ruling on plaintiff's application to

21   proceed in forma pauperis and granted plaintiff sixty days to file a request for voluntary dismissal

22   of this action pursuant to Fed. R. Civ. P. 41(a) or to otherwise proceed.  In the same order,

23   plaintiff was advised that if he failed to do so the court would at the end of sixty days recommend

24   dismissal of this action without prejudice absent changed circumstances.  The sixty day period

25   has passed and plaintiff has not responded in any way to the court's April 4, 2011 order.

26   /////

1        The court is required to screen complaints brought by prisoners seeking relief

2  against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5  granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28

6  U.S.C. § 1915A(b)(1) & (2).

7        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

13  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

14        Plaintiff's complaint contains the following allegations.  Plaintiff is seeking

15  federal habeas corpus relief in an action now pending in the United States District Court for the

16  Northern District of California.  At present, plaintiff is waiting for the respondent to file an

17  answer to that petition.  On June 9, 2009, plaintiff received a letter from a field investigator

18  employed by an attorney, advising plaintiff that on February 20, 2009, they had mailed to

19  plaintiff a package containing CDs and a cassette tape for his habeas corpus actions.  The

20  package was mailed to plaintiff at California State Prison-Sacramento from San Jose, California.

21  Plaintiff filed an inmate grievance, and was told by prison officials that there was no record of

22  the package in question being received at the institution, but that plaintiff had signed for a legal

23  mail package on March 13, 2009.  However, plaintiff contends that the latter package contained

24  five cassette tapes, and not the CDs described by the field investigator in his letter to plaintiff.

25  Plaintiff contends that the missing CDs and cassette are "essential" to establish the unlawfulness

26  of his conviction.  Plaintiff seeks an order requiring defendants to provide him with the CDs and

1    tape sent in the February 20, 2009 package or to obtain them from the Santa Clara County

2    District Attorney's Office.  Plaintiff also seeks monetary and punitive damages.

3              In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held

4    that prison inmates have a constitutionally protected right to access the courts to bring civil rights

5    actions to challenge their conditions of confinement and to bring challenges to their criminal

6    convictions.  Lewis v. Casey, 518 U.S. at 351.  The right of access to the courts "guarantees no

7    particular methodology but rather the conferral of a capability -- the capability of bringing

8    contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.

9    To prevail on a claim of interference with access to the courts, plaintiff must present evidence,

10   sufficient to create a genuine issue of material fact, that defendants by their acts prevented him

11   from bringing, or caused him to lose, an actionable claim of this type.  Id.

12             Plaintiff's habeas corpus action is still pending before in the United States District

13   Court for the Northern District of California.  He cannot, therefore, demonstrate in this civil

14   rights action that he has lost his federal habeas corpus action, nor can he prove that defendants'

15   acts or omissions caused him to fail to prevail in that habeas corpus action.  For that reason, this

16   civil rights action is premature and should be dismissed without prejudice.

17             In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

18   Court is directed to assign this action to a United States District Judge; and

19             IT IS HEREBY RECOMMENDED that this action be dismissed without

20   prejudice.

21             These findings and recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

23   days after being served with these findings and recommendations, plaintiff may file written

24   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

25   Findings and Recommendations."  Any response to the objections shall be filed and served

26   within fourteen days after service to the objections.  Plaintiff is advised that failure to file

3

1  objections within the specified time may waive the right to appeal the District Court's order.

2  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 18, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7

8

9  DAD:12
   hern0588.56

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26